## Form to be used by a prisoner filing a civil rights complaint under

## THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 5 2012

TONY R. MOORE, CLERK
BY _____
DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

JAMES E BOWMAN #17187-045      1:12CV1171    **Sec.P**

**Full Name of Plaintiff, Prisoner Number**      **Civil Action**

VS.

DRELL

**Judge**

GERALD MALDENALDO ET AL      KIRK

**Full Name of Defendant**      **Magistrate Judge**

### COMPLAINT

**I. Previous Lawsuits**

A. Have you begun any other lawsuit while incarcerated or detained in any facility?
Yes _x_     No _____

B. If your answer to the preceding question is yes, provide the following information.

1. State the court(s) where each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish):

   United States District Court, Leavenworth, Kansas

2. Name the parties to the previous lawsuit(s):

   Plaintiffs: James E. Bowman

   Defendants: I forgot who I was suing.

3. Docket number(s): Unsure

4. Date(s) on which each lawsuit was filed: It iwas in 2004 or 2005.

5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

   It was not appealed.

C.  Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
Yes _x___        No _____

If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

I don't remeber.

_____

II. A. **Name of institution and address of current place of confinement:**

FCI-Victorville II, P.O. Box 3850, Adelanto, Callifornia 92301

B.  Is there a prison grievance procedure in this institution?
Yes _X___       No _____

1.  Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?
Yes _X___       No _____
If Yes, what is the Administrative Remedy Procedure number? _573248-A1_

2.  If you did not file an administrative grievance, explain why you have not done so.

N/A

_____

3.  If you filed an administrative grievance, answer the following question.
What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

I filed a BP-8, BP-9, BP-10, and BP-11. See attached.

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. **Parties to Current Lawsuit:**   See attached complaint.

3

A. Name of Plaintiff <u>James E. Bowman #17187-045</u>

Address <u>FCI-Victorville 2, PO Box 3850, Adelanto, California</u>

B. Defendant, <u>See Attached complaint</u>, is employed as <u>See atached complaint</u> at <u>See attached complaint</u>.

Defendant, <u>See attached complaint</u>, is employed as <u>See attached complaint</u> at <u>See attached complaint</u>.

Defendant, <u>See attached complaint</u>, is employed as <u>See attached complaint</u> at <u>See attached complaint</u>.

Additional defendants <u>See attached complaint</u>

## IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

<u>See attached complaint.</u>

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

See attached complaint.

## VI. Plaintiff's Declaration

A. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

C. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this 16th day of JUNE, 2012.

17187-045

**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)**

*[signature: James L. Bowman]*

**Signature of Plaintiff**

January 2012
updates: pmitchell
n:\pro se prisoner forms\1983.prisoner.January2012.wpd

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA

JAMES E. BOWMAN, )
      Plaintiff, )
)
v. ) Case No. 12-CV-01171-DDD-JDK
)
GERALD MALDENALDO, South Central )
Regional Director (Bureau of )
Prisons), JERRY McKENNEY, Special )
Investigations Agent, MIKE CRITTLE, )
Special Investigations Supervisor, )
LIEUTENANT WASSEN, Evening Watch )
Lieutenant, DHO WHITE, Disciplinary )
Hearing Officer, KAREN MILLION, )
Warden's Secretary, JUDY LUKE, Admin- )
istrative Remedy Coordinator- USP- )
Pollock, JOHN and/or JANE DOE(S) 1, )
2, 3, IN THEIR INDIVIDUAL CAPACITIES, )
      Defendants. )

## COMPLAINT FOR DAMAGES

Comes Now Plaintiff, James E. Bowman, pro se. And requests actual and punitive damages against the defendants. Support for this request is as follows:

      1. That Plaintiff was an inmate incarcerated at USP-Pollock, in Pollock, Louisiana, in the Western District of Lousiana.

      2. Defendants, Gerald Maldenaldo, Jerry McKenney, Mike Crittle, Lieutenenat Wassen, DHO White, Karen Million, Judy Luke, John and/or Jane Doe(s) 1, 2, and 3 were at all times relevant hereto, officers and employees of the U.S. Department of Justice's Bureau of Prisons.

      3. This court has jurisdiction of this matter by virtue of 28 U.S.C. Section 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotic</u>, 403 U.S. 388 (1971). Venue is vested by virtue of the provisions of 28 U.S.C. Section 1391(b).

      4. This court has jurisdiction over this matter because this cause of action involves federal officials/employees acting under color of legal authority.

## COUNT I

Beginning on or about December 11, 2009, the defendants and each of them, did combine, conspire, and confederate together and with others unknown to Plaintiff, to punish Plaintiff as a form of retaliation and harrassment for filing complaints concerning instances of mistreatment and threats made against his life by executive staff at USP-Pollock, in violation of Plaintiff's First and Eighth Amendment rights of the United States Constitution.

At all times relevant hereto, the Defendants knew or should have known that the Plaintiff possessed the right to petition the government for redress of his grievances without incurring reprisal by transferring the Plaintiff from his cell in general population with freedom of movement, access to television programs, food products from the inmate commissary, 300 minutes per month phone privileges, and numerous hours of access to the law library every day, to a 23 hour per day locked cell with no access to any television, no acess to food products from the inmate commissary except one candy bar per week, phone access limited to 15 minutes per month, and law library access restricted to at the whim of the officer in charge of the Range/Cell Block the Plaintiff is housed on.

It was the object of the conspiracy by the Defendants to punish the Plaintiff for engaging in constitutionally protected activity by virtue of Plaintiff filing complaints against various individuals employed by the Bureau of Prisons, and because the plaintiff did exercise his right to freedom of speech and freedom of expression while complaining to the Director of the South Central region of the Bureau of Prisons, et al., about staff mistreatment of Plaintiff.

1. On or about October 26, 2009, Plaintiff sent a complaint to Geraldo Maldonado, Jr., et al., explaining that I was being mistreated and threatened by staff at USP-Pollock, and that I needed for him/them to intervene before things got out of hand and to make them give Plaintiff forms so that he could file grievances and appeals to conduct violations which were issued to Plaintiff maliciously. The Defendant, Geraldo Maldonado, Jr., did not respond and it appeared as though he took no corrective actions. On November 12, 2009, Plaintiff sent another complaint to Defendant Geraldo Maldonado, Jr. explaining that Plaintiff was yet in need of Defendant Maldonado's help in acquiring the necessary forms for filing complaints and for documenting the threats on Plaintiff's life by executive staff. On December 11, 2009, Defendant Maldonado responsed to the October 26, 2009 complaint by directing staff at USP-Pollock to issue a conduct violation for the October 26, 2009, complaint filed by Plaintiff. Maldonado is the Regional Director, South Central Region.

2. On or about December 11, 2009, Defendant Jerry McKenney caused a conduct violation to be written after receiving a directive and/or instructions from Defendant Geraldo Maldonado, Jr., for a complaint filed by Plaintiff on October 26, 2009. Defendant McKenney told Defendant Mike Crittle to write the conduct violation for the complaint filed by Plaintiff on October 26, 2009. Defendant Jerry McKenney was the Special Investigations Agent at USP-Pollock.

3. On or about December 11, 2009, Defendant Mike Crittle caused a conduct violation to be written against Plaintiff after conferring with Special Investigations Supervisor, Defendant Jerry

McKenney, for a complaint filed by Plaintiff to Regional Director Maldonado on October 26, 2009. Defendant Mike Crittle was Special Investigations Supervisor at USP-Pollock.

4. On or about December 11, 2009, Defendant Lieutenant L. Wassen issued a conduct violation to Plaintiff after conferring with Defendant Mike Crittle (SIS) and/or Jerry McKenney (SIA) concerning a complaint filed by Plaintiff on October 26, 2009, to Defendant Maldonado, et al. Lieutenant L. Maldonado was the day watch lieutenant at USP-Pollock. Defendant Lieutenant L. Wassen's first name is unknown.

5. On or about January 22, 2010, Defendant DHO M. White found Plaintiff guilty of the conduct violation written by Defendant Lieutenant L. Wassen at the behest of Defendants Geraldo Maldonado, Jerry McKenney, and Mike Crittle, stemming from a complaint filed by Plaintiff to Defendant Geraldo Maldonado, et al., on October 26, 2009.

6. On or about January 19, 2010, Defendant Karen Million refused to process a BP-9 filed by Plaintiff against Defendants Geraldo Maldonado, Lieutenant L. Wassen, et al., in order to keep Plaintiff from suing Defendants Maldonado, Lieutenant L. Wassen et al., and interfer with Plaintiff's right to redress and access to the courts.

7. On or about January 28, 2010, Defendant Karen Million and Defendant Judy Luke rejected Plaintiff's BP-9 concerning the claims of conspiracy against Geraldo Maldonado, et al., in an effort to keep Plaintiff from suing Defendants Geraldo Maldonado et al., their actions furthered the conspiracy by interferring with Plaintiff's access to the courts and his right to redress of his grievances. Karen Million was the Administrative Remedy Coordinator for USP-Pollock

and Judy Luke is the Warden's secretary. Both Defendants were employed at USP-Pollock.

As a direct and proximate result of the Defendants, and each of them, the Plaintiff lost his natural rest and sleep, suffered pain and emotional trauma, depression, anxiety, and apprehension, and was deprived of all his privileges for more than 30 days without due process, including but not limited to - restriction of his movement, his ability to contact his friends and family via telephone, his ability to watch televsion, and access to the law library as frequently as he'd have liked to have or had before being placed in the Special Housing Unit, being restricted to his cell for 23 hours per day. Further Defendants' actions deprived Plaintiff of his right to access to the courts, right to freedom of redress of grievance as well as discouraged Plaintiff from wanting to pursue his complaint concerning the threats made against him by executive staff and the mistreatment he was suffering at the hands of his Unit Team members. All to Plaintiff's great damage.

Retaliating against a prisoner for filing a complaint, denying a prisoner access to the courts, denying a prisoner his right to redress of grievances, punishing Plaintiff without due process, and conspiring to do any or all of these acts which the Defendant prison officials knew or should have known are constitutional violations makes all the Defendants liable for damages to Plaintiff. <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

As a direct and proximate result of the Defendants and each of

them, as aforesaid, the Plaintiff has been damaged in the amount of $60,000 (Sixty-thousand dollars) by each Defendant for a total of $420,000 (Four hundred twenty thousand dollars).

Wherefore, the Plaintiff prays for judgment against the Defendants, and each of them, in the amount of $60,000 each, and becuase the acts of the Defendants were wanton and willful, the Plaintiff prays for an award of Punitive damages in the amount of $21,000,000 (Twenty-one million dollars) representing $3,000,000 for each Defendant, Plaintiff's costs herein expended, and for allowance for reasonable attorney fees, and for such other and further relief as this Court deems just, proper and equitable under the circumatances.

    Respectfully submitted,

_____
James E. Bowman   Pro Se

Dated: 6/16/2012

them, as aforesaid, the Plaintiff has been damaged in the amount of $60,000 (Sixty-thousand dollars) by each Defendant for a total of $420,000 (Four hundred twenty thousand dollars).

Wherefore, the Plaintiff prays for judgment against the Defendants, and each of them, in the amount of $60,000 each, and becuase the acts of the Defendants were wanton and willful, the Plaintiff prays for an award of Punitive damages in the amount of $21,000,000 (Twenty-one million dollars) representing $3,000,000 for each Defendant, Plaintiff's costs herein expended, and for allowance for reasonable attorney fees, and for such other and further relief as this Court deems just, proper and equitable under the circumatances.

Respectfully submitted,

_James E. Bowman_ Pro Se

Dated: 6/16/2012