RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/9/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES E. BOWMAN | DOCKET NO. 12-CV-1171; SEC. P |
| VERSUS | JUDGE DRELL |
| GERALD MALDENADO, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, James E. Bowman, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Center Victorville II in Adelanto, California. He complains about conditions of confinement following what he alleges to be a retaliatory disciplinary conviction while incarcerated at the United States Penitentiary in Pollock, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that he sent a complaint to a Bureau of Prisons regional director, Geraldo Maldonado, Jr., on October 26, 2009, complaining of "mistreatment" by staff at USP-Pollock and

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

stating that staff had threatened him, and that he would physically defend himself if a staff member tried to "do bodily harm" to Plaintiff. [Doc. #6, p.7] Plaintiff sent another letter to Maldonado on November 12, 2009. [Doc. #6, p.7] On December 11, 2009, at Maldonado's direction, Officer Crittle issued a conduct violation to Plaintiff regarding his October 26, 2009 correspondence to Maldonado. Specifically, Plaintiff was charged with threatening staff, which he claims was in retaliation for exercising his First Amendment rights.

On January 22, 2010, Hearing Officer White found Plaintiff guilty of a code 203 violation - Threatening Staff. On January 19 and 28, 2010, Defendants Karen Million and Judy Luke rejected Plaintiff's BP-9, which Plaintiff claims was in order to keep Plaintiff from suing Maldonado. However, according to the exhibits submitted by Plaintiff, his grievances were rejected for failing to follow proper procedure for challenging disciplinary conviction and submitting informal resolution attempt forms. Plaintiff's regional appeal was rejected on March 4, 2010, for not following proper procedure. [Doc. #6-1, p.10] Plaintiff appealed to the Central Office on March 13, 2010, and the appeal was rejected on April 27, 2010 for not following the instructions in the prior rejection notice. [Doc. #6-1, p.13]

As a result of the disciplinary conviction, Plaintiff was confined to lock down with no television privileges and limited

2

commissary, telephone, and law library privileges. [Doc. #6, p.6] He alleges that, due to this retaliatory disciplinary charge, Plaintiff lost rest and sleep; he suffered pain and emotional trauma, depression, anxiety, and apprehension. Defendant's actions "discouraged Plaintiff from wanting to pursue his complaint."

### Law and Analysis

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. See Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff

had knowledge of his claims at the latest, by the end of January 2010. Thus, he had until one year later to file suit. Plaintiff's lawsuit was not filed until April 19, 2012, in California's Central District court, and transferred to this Court on May 7, 2012, more than one year past the expiration of the one year limitations period.

However, equitable tolling principles apply to civil rights cases filed under 42 U.S.C. §1983 and Bivens. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is entitled to equitable tolling for the time spent properly exhausting the BOP administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies); Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).

It appears that Plaintiff did not timely or properly pursue his administrative remedies. He submitted one informal resolution attempt regarding the disciplinary charge on December 18, 2009, which was denied that same date, noting that the incident report would be heard by the DHO following an investigation. [Doc. #6-1,

4

p.3] Plaintiff submitted other administrative complaints on January 19 and 26, 2010. Those were rejected on January 19 and 28, 2010, respectively, noting that these were challenges to his disciplinary conviction and should have been submitted as BP-10 to the regional level. [Doc. #6-1, p.6-7] Plaintiff disagreed. [Doc. #6-1, p.8] His regional appeal was rejected on March 4, 2010, for not following proper procedure. [Doc. #6-1, p.10] Plaintiff appealed to the Central Office on March 13, 2010, and that appeal was also rejected on April 27, 2010 for not following the instructions in the prior rejection notice. [Doc. #6-1, p.13]

According to the exhibits provided, Plaintiff did not properly exhaust his administrative remedies and is not entitled to equitable tolling. Even if the limitations period had been tolled while Plaintiff was filing grievances, the tolling would have ended, at the latest, on April 27, 2010, and Plaintiff would have had to file suit on or before April 27, 2011. Plaintiff's suit was not filed until April of 2012, a full year past the expiration of the most liberal limitations period of which he could possibly be entitled. Thus, even if Plaintiff could prove that he was entitled to equitable tolling, his claim is prescribed.

### Conclusion

Because Plaitniff's complaint is prescribed, **IT IS RECOMMENDED** that the case be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which relief can be granted

pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of November, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE